UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 21-64 (WMW/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CLAIRE BOOTH,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and CLAIRE BOOTH (hereinafter, the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges**. In exchange for the concessions of the United States contained in this Agreement, the defendant voluntarily agrees to plead guilty to Count 1 of the Information, which charges the defendant with Delay or Destruction of Mail, in violation of Title 18, United States Code, Section 1703(b). The defendant fully understands the nature and elements of the crime with which she has been charged and is pleading guilty because she is guilty of the crime charged in Count 1 of the Information. The United States agrees that it will move to dismiss the Indictment at the time of sentencing and will not bring any additional charges for other conduct directly learned from the investigation leading to this plea agreement.



2. **Factual Basis**. By pleading guilty, the defendant admits the following facts and further admits that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

   a. Between approximately June 2020 through November 6, 2020, the defendant—who was employed by the U.S. Postal Service—unlawfully, and without authority, opened and delayed mail not directed to her;

   b. The mail included more than 940 standard mail pieces, first-class letters, and first-class parcels;

   c. The defendant admits that she acted voluntarily and that her actions violated the law; and

   d. At all relevant times, the defendant was a resident of and resided in the State and District of Minnesota. The conduct described herein took place in the State and District of Minnesota.

3. **Waiver of Indictment**. Given that this is a misdemeanor charge, the defendant recognizes that it is not necessary for the grand jury to return an indictment but nonetheless consents to the filing of a criminal information. The defendant further agrees to execute a written waiver of her right to be indicted by a grand jury on this offense as necessary.

4. **Waiver of Pretrial Motions**. The defendant understands and agrees that she has certain rights to file pretrial motions in this case. As part of this plea agreement, and in exchange for the concessions of the United States contained in this agreement, the

2

defendant knowingly, willingly, and voluntarily gives up her rights to file and litigate pretrial motions in this case.

5. **Waiver of Constitutional Trial Rights**. The defendant understands that she has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to a jury trial or, in certain circumstances, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6. **Statutory Penalties**. The parties agree that Count 1 of the Information carries the following statutory penalties:

    a. a maximum imprisonment term of 1 year;

    b. a maximum supervised release term of 1 year;

    c. a maximum fine of $100,000;

    d. a mandatory special assessment of $25; and

    e. payment of restitution in an amount to be determined by the Court.

7. **Guideline Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to

the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.    <u>Base Offense Level</u>. The parties agree that the base offense level is **6**. U.S.S.G. § 2B1.1(a)(2).

    b.    <u>Specific Offense Characteristics</u>. The parties agree that the defendant's offense level should be increased by **2 levels** because the defendant's offense involved 10 or more victims. U.S.S.G. § 2B1.1(b)(2)(A).

    c.    <u>Chapter 3 Adjustments</u>. The parties agree that the defendant's offense level should be increased by **2 levels** because the defendant abused a position of public trust in a manner that significantly facilitated the commission or concealment of the offense. U.S.S.G. § 3B1.3. Other than acceptance of responsibility, the parties agree that no other Chapter 3 adjustments apply.

    d.    <u>Acceptance of Responsibility</u>. The United States agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility. However, the defendant understands and agrees that this recommendation is conditioned upon the following: (i) the defendant testifies truthfully during the change of plea and sentencing hearings, (ii) the defendant provides complete and truthful information to the Probation Office in the pre-sentence investigation, and (iii) the defendant commits no further acts inconsistent with acceptance of responsibility. U.S.S.G. § 3E1.1.

    e.    <u>Criminal History Category</u>. Based on information available at this time, the parties believe that the defendant's criminal history category is **I**. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status (which could impact the defendant's adjusted offense level) will be determined by the Court based on the information contained in the Presentence Report and by the parties at the time of sentencing. The defendant understands that she may not withdraw from this agreement on the basis that it inaccurately states her actual criminal history. U.S.S.G. § 4A1.1.

  f. <u>Guideline Range</u>. If the adjusted offense level is **8** (6+2+2-2) and the criminal history category is **I**, the Guidelines place the defendant in Zone A and the applicable imprisonment range is **0-6 months**. U.S.S.G. Ch. 5, Pt. A.

  g. <u>Fine Range</u>. If the adjusted offense level is **8**, the Guidelines fine range is $2,000-$20,000. U.S.S.G. § 5E1.2(c).

  h. <u>Supervised Release</u>. The Guidelines advise a term of supervised release of 1 year. U.S.S.G. § 5D1.2(a)(3).

  i. <u>Sentencing Recommendation and Departures</u>. In exchange for the defendant's guilty plea, concessions by the United States, and based on the information currently known, the parties agree jointly to recommend that the Court impose a sentence of probation that includes a term of community service and restitution. U.S.S.G. §§ 5B1.1(a); 5B1.2(a)(1); 5C1.1(b), (c).

8. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court may make its own determination regarding the applicable Guideline factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the Court determines that the applicable Guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

9. **Revocation of Probation or Supervised Release**. The defendant understands that if she violates any condition of probation or supervised release, she could be sentenced to an additional term of imprisonment up to the length of the original

5

probation or supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

10. **Forgo Future USPS Employment**. As a material condition of this Plea Agreement, the defendant prospectively agrees not to seek out, apply for, or accept any position of employment with the United States Postal Service.

11. **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $25.00 for each Class A misdemeanor count of conviction, which becomes due and payable upon sentencing. U.S.S.G. § 5E1.3.

12. **Restitution**. The defendant understands and agrees that she may be ordered to pay restitution under 18 U.S.C. § 3663 *et seq.*, to the victims of her crime, regardless of whether named in the Information. At the time of entry of this Plea Agreement, there is no agreement as to the amount of restitution owed. The defendant understands and agrees that the Court shall order her to pay restitution in an amount to be determined.

13. **Waivers of Appeal and Collateral Attack**. The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed. Acknowledging this right, and in exchange for the concessions made by the United States in this agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal her sentence, unless the sentence exceeds 6 months of imprisonment. The defendant's appellate waivers include waiving the right to contest the constitutionality of the statute to which she is pleading guilty or to argue that the admitted conduct does not fall within the scope of that statute. In addition, the defendant has been advised of her rights to file a petition under 28 U.S.C. § 2255 and expressly waives her right to file such a

petition. However, these waivers shall not apply to a direct appeal or post-conviction collateral attack based on a claim of ineffective assistance of counsel. The defendant understands the rights being waived, and she waives these rights knowingly, intelligently, and voluntarily. In exchange, the United States waives its right to appeal any sentence imposed within the applicable Guidelines range.

14.   **FOIA Requests**. The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act ("FOIA") and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15.   **Complete Agreement**. This, and any agreements signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant. Other than this plea agreement, the defendant acknowledges that no threats, promises, or representations have caused the defendant to plead guilty. The defendant acknowledges that she has read this plea agreement and carefully reviewed each provision with her attorney. The defendant further acknowledges that she understands and voluntarily accepts each term and condition of this plea agreement.

W. ANDERS FOLK
Acting United States Attorney

Dated: 8/30/21

BY: CHELSEA A. WALCKER
Assistant United States Attorney

Dated: 8/30/21

_____
CLAIRE BOOTH
Defendant


Dated: 8/30/21

_____
DOUGLAS L. MICKO
Assistant Federal Defender
Counsel for the Defendant